**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**JULIUS BRYANT SENIOR,**

**Defendant.**

**No. 25-cr-00313-CKK**

**REPORT AND RECOMMENDATION**

On October 4, 2023, Defendant began his term of supervised release. *See* Transfer of Jurisdiction 1, ECF No. 1.

On September 14, 2025, law enforcement arrested the Defendant after observing him participate in a narcotics transaction *See* Probation Petition 3, ECF No. 2. On February 13, 2026, a Superior Court judge sentenced the Defendant to 14 months of imprisonment, 14 months suspended, followed by a five-year term of supervised release. *See id.*

On February 26, 2026, the Probation Office filed a petition requesting that Judge Kollar-Kotelly issue a summons and schedule a hearing on violation of supervised releases because of this arrest. *See id.* at 1–4. On March 2, 2026, Judge Kollar-Kotelly issued a summons and scheduled a hearing on violation of supervised release. *See* Summons 1, ECF No. 4. On March 25, 2026, Judge Kollar-Kotelly referred the hearing on violation to the undersigned.[1] *See* Amended Order of Referral 1, ECF No. 6.

---

[1] The parties are advised that, under the provisions of Local Rule 72.3(b), any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within fourteen days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which

On March 27, 2026, the Defendant appeared before the undersigned. At the hearing, the Probation Officer reported that she had conducted a successful home visit. The Probation Officer further stated that the urinalysis results were negative for the presence of narcotics and that the Defendant was attending treatment. The Probation Officer encouraged the Defendant to continue his treatment and seek employment.

On May 4, 2026, the parties appeared for a status hearing. The Probation Officer reported that the Defendant had maintained regular communication with the Probation Office, actively sought employment, participated in job interviews, submitted to drug testing with negative results, and participated in drug treatment. The Probation Officer noted that the Defendant's participation in treatment was voluntary. That is, even after his court-mandated treatment ended, the Defendant elected to continue seeking treatment. The Probation Officer advised that the Defendant was consistently present at his residence with his family during home visits.

On June 12, 2026, the parties appeared for the final hearing on violation. The Probation Officer reported that the Defendant had recently obtained employment with a towing company in Maryland. The Probation Officer further reported that the Defendant's residence remained stable and that the Defendant was supporting his wife and children who lived there. The Defendant remained compliant with all conditions of supervision. At the hearing, the Defendant admitted the violation. Based on Defendant's exemplary compliance, the U.S. Probation Office and the U.S. Attorney's Office recommended revocation, sentencing Defendant to a period of time served, and

objection is made and the basis for such objections. The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of appeal from an order of the District Court that adopts such findings and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 144–45 (1985).

imposing a period of supervised release to end March 3, 2027, i.e., the original date set for expiration.

The undersigned commends the Defendant for accomplishing the goals the Court and the Probation Office set for him. The undersigned's assessment is based not only on the Defendant's track record, but also on personal observation and assessment. The Defendant has shown the level of maturity and responsibility that he will need to succeed post-supervision. Critically, the Defendant has accepted responsibility: he admitted the supervised release violation and pled guilty to the underlying charge.

The undersigned recommends a finding that the Defendant violated the conditions of his supervised release. The Defendant must be revoked based on this admission. Given the Defendant's recent success, that he remains fully compliant, participates in treatment, maintains employment, and the agreement of the parties, the undersigned further recommends sentencing him to a period of time served and imposing a period of supervised release to end on March 3, 2027.

Zia M.Faruqui

Digitally signed by Zia M.Faruqui
Date: 2026.09.17 16:18:53 -04'00'

Date: September 17, 2026

ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE